# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

BENJAMIN MICHAEL JONES

Case No.: 23-cr-20041

Hon. Judith E. Levy

46 U.S.C. 70036 (Willfully and
Knowingly Violating the Terms of an
Order of the Captain of the Port)

18 U.S.C. 1001 (False Statements)

Defendant.

_____/

## FIRST SUPERSEDING INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1.     The Ports and Waterways Safety Act ("PWSA"), now codified in
Chapter 700 to Title 46 of the United States Code (46 U.S.C. §§ 70001 et seq.)(after
December 4, 2018), established a statutory and regulatory framework that ensured,
among other things, that the commercial operation of vessels on the waters of the
United States would be conducted in a manner that ensured the safety of people,
vessels, property (both on land and on the water), and the maritime environment.
See 46 U.S.C. §§ 70001 et seq.  Among other things, the PWSA empowered the

Secretary of the Department in which the Coast Guard was operating to order a vessel to "operate or anchor in a manner" as directed by the Secretary if (s)he "has reasonable cause to believe such vessel does not comply with any regulation issued under section 70034, or any other applicable law or treaty," or "by reason of weather, visibility, sea conditions, port congestion, other hazardous circumstances, or the condition of such vessel, the Secretary is satisfied such directive is justified in the interest of safety." 46 U.S.C. § 70002.

2.      As a means to achieve that goal, the PWSA empowered the Coast Guard to promulgate regulations to implement the requirements of the PWSA. See 46 U.S.C. §70034(a) (In accordance with section 553 of title 5, the Secretary shall issue, and may from time to time amend or repeal, regulations necessary to implement subchapters I through III and this subchapter).

3.      Among the regulations promulgated under 46 U.S.C. § 70034 are those codified at 33 C.F.R. Part 160, Subpart B (Control of Vessel and Facility Operations). With some exceptions not pertinent to this case, those regulations apply to any "[v]essel on the navigable waters of the United States." 33 C.F.R. § 160.103. The regulations, at 33 C.F.R. § 160.111, provide for issuance of Captain of the Port ("COTP") Orders, in relevant part, as follows:

> Each District Commander or Captain of the Port may order a vessel to operate or anchor in the manner directed when:

2

(a) The District Commander or Captain of the Port has reasonable cause to believe that the vessel is not in compliance with any regulation, law or treaty;

. . . or

(b) The District Commander or Captain of the Port has determined that such order is justified in the interest of safety by reason of weather, visibility, sea conditions, temporary port congestion, other temporary hazardous circumstances, or the condition of the vessel.

4.     These regulations, at 33 CFR § 160.105, further provide that compliance with a COTP Order is mandatory, as follows: "[e]ach person who has notice of the terms of an order issued under this subpart [33 C.F.R. Part 160, Subpart B] must comply with that order."

5.     The PWSA, 46 U.S.C. § 70036(b)(1) provides: "Any person who willfully and knowingly violates subchapters I through III or this subchapter or any regulation issued thereunder commits a class D felony." Subchapter I relates to vessel operations, subchapter II relates to ports and waterways safety, and subchapter III relates to conditions for entry into U.S. ports. Subchapter IV (which encompasses 46 U.S.C. § 70036(b)(1))) relates to definitions, regulations, enforcement, investigatory powers, and applicability of the PWSA. 33 C.F.R. § 160.105 and § 160.111 are issued under the authority of subchapter I, vessel operations, (46 USC § 70001-46 USC § 70003), and subchapter IV (46 USC § 70034).

3

6.     Thus, any person who willfully and knowingly violates a COTP Order has violated 33 C.F.R. § 160.105 and § 160.111, Coast Guard regulations issued under subchapters I through IV of the PWSA through 46 U.S.C. §70034(a), and therefore has committed a felony violation of 46 U.S.C. § 70036(b)(1).

7.     For purposes of carrying out its operational duties, the Coast Guard divides the United States into various "Sectors." Coast Guard Sector Detroit is comprised of 11 Coast Guard Stations/Units. The Area of Responsibility for Sector Detroit covers two states (Ohio and Michigan) stretching from Marblehead, Ohio, to Tawas, Michigan; a span that includes a 427-mile border with Canada along one of the world's busiest international river corridors. Coast Guard Sector Detroit is headed by a Captain of the Port located in Detroit, Michigan. Thus, the Captain of the Port in Detroit has jurisdiction to issue COTP Orders to individuals operating on Lake St. Clair and the adjoining waterways.

8.     COTP orders are often used by the Captain of the Port in response to "illegal passenger vessel" activity. When the Coast Guard suspects a vessel and/or vessel operator may not be in compliance with the applicable requirements for commercial operations, and there is reasonable cause to believe that the owner or operator may remain non-compliant, a Coast Guard Captain of the Port may issue a COTP order directing the owner or operator to cease commercial operations. The COTP order provides notice of the authority for the COTP order, the penalty for

violating the order, and the applicable regulations for commercial operation that must be complied with. Generally, a Captain of the Port will only issue a COTP order in situations where the Coast Guard notes egregious violations of law or regulation. The Captain of the Port will rescind a COTP order only after he or she is convinced that the vessel is in compliance with all federal laws and regulations. Subsequent failure to comply with a COTP order after it has been issued is the basis for criminal liability under 46 U.S.C. § 70036(b)(1).

## COUNT ONE

### 46 U.S.C. § 70036 (Willfully and Knowingly Violating the Terms of an Order of the Captain of the Port)

9.      The allegations of paragraphs 1 through 9 are included herein.

10.      On or about August 10 of 2021 in the Eastern District of Michigan, BENJAMIN MICHAEL JONES did willfully and knowingly violate the terms of Captain of the Port Order 06-21.

11.      Captain of the Port Order 06-21 was hand delivered to Jones on June 24, 2021, by Special Agents of the Coast Guard Investigative Service.  The order was lawfully issued under the Ports and Waterways Safety Act ("PWSA"), codified in Chapter 700 of Title 46 of the United States Code 46 U.S.C. §§ 70001 et seq.).

12.      Captain of the Port Order 06-21 ordered JONES to cease all commercial operations until fully compliant with applicable laws for carrying passengers for hire.

5

13.     On or about August 10 of 2021, JONES willfully and knowingly violated the terms of Captain of the Port Order 06-21 by operating the 40' motor vessel "PWR TOWER" on Lake St. Clair while carrying commercial passengers for hire without possessing the appropriate license required by Coast Guard regulations.

14.     During JONES'S operation of "PWR TOWER" on or about that date, it caught fire with paying passengers aboard. JONES's passengers were rescued and the "PWR TOWER" was towed to shore by the Coast Guard with JONES onboard.

All in violation of Title 46, United States Code, Section 70036.

## COUNT TWO

(18 U.S.C. 1001 – False Statements)

15.     The allegations of Paragraphs 1 through 15 are included herein.

16.     On or about the date of June 24, 2021, JONES did willfully and knowingly make a materially, false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of Government of the United States, in the Eastern District of Michigan.

17.     On or about June 24, 2021, when hand delivered a copy of Captain of the Port Order 06-21, Jones hand wrote an "appeal note" on the order stating "I have not, will not operate commercially, until I have a full captain's license."

18.     The statement was false, because, as JONES then and there knew, he had been operating commercially without the required license, and had no intention of ceasing such operations.

19.     The statement was material because, if true, it would have a natural tendency to dissuade the Coast Guard from further investigation or pursuing further action against Jones.

All in violation of Title 18, United States Code, Section 1001.

THIS IS A TRUE BILL

*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON

DAWN N. ISON
UNITED STATES ATTORNEY

*s/John K. Neal*
John K. Neal
Assistant United States Attorney
Chief, White Collar Crime Unit

*s/Timothy J. Wyse*
Timothy J. Wyse
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226

*s/Corinne M. Lambert*
Corinne M. Lambert
Special Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
Dated: March 1, 2023

(Companion Case information MUST be completed by AUSA and ~~ORIGINAL~~

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number<br>23-20041 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | Judge Assigned: |
| ☐ Yes  ☒ No | AUSA's Initials: T.J.W |

FILED USDC - CLRK DET
2023 MAR 1 PM4:49

**Case Title:** USA v.  BENJAMIN MICHAEL JONES

**County where offense occurred :**  Macomb

**Check One:**  ☒ **Felony**  ☐ **Misdemeanor**  ☐ **Petty**

\_\_\_\_Indictment/\_\_\_\_Information --- **no** prior complaint.

\_\_\_\_Indictment/\_\_\_\_Information --- based upon prior complaint [Case number:                    ]

✔ Indictment/\_\_\_\_Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below].*

## Superseding Case Information

**Superseding to Case No:** 23-cr-20041      **Judge:**  Judith E. Levy

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| BENJAMIN MICHAEL JONES | Count Two<br>18 U.S.C. 1001<br>(False Statements) | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

March 1, 2023                     s/Timothy J. Wyse
Date

Timothy J. Wyse
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:(313) 226-9144
Fax:    (313) 226-2873
E-Mail address: Timothy.Wyse@usdoj.gov
Attorney Bar #:

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.