United States District Court
Eastern District of Michigan
Southern Division

United States of America,

       Plaintiff,

                              Case No. 23-cr-20041

v.

                              Hon. Judith E. Levy

Benjamin Michael Jones,

       Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Benjamin Michael Jones, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.    Count of Conviction**

The defendant will plead guilty to Count 1 of the First Superseding Indictment. Count 1 charges the defendant with Willfully and Knowingly Violating the Terms of an Order of the Captain of the Port under 46 U.S.C. § 70036.

**2.    Statutory Minimum and Maximum Penalties**

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

Page **1** of **15**

| Count 1 | Term of imprisonment: | 6 years |
| | Fine: | $250,000 |
| | Term of supervised release: | 3 years |

## 3.   Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes a sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the First Superseding Indictment against the defendant in this case.

## 4.   Elements of Count of Conviction

The elements of Count 1 are:

> First, that the defendant willfully and knowingly violated…

> Second…a lawful order of a United States Coast Guard Captain of the Port issued pursuant to the Ports and Waterways Safety Act ("PWSA"), as codified in Chapter 700 of Title 46 of the United States Code (46 U.S.C. §§ 70001 et seq.).

## 5.   Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On or about August 10 of 2021 in the Eastern District of Michigan, Benjamin Michael Jones did willfully and knowingly violate the terms of Captain of the Port Order 06-21.

Captain of the Port Order 06-21 was hand delivered to Jones on June 24, 2021, by an agent of the United Sates Coast Guard.  The order was lawfully issued under the Ports and Waterways Safety Act ("PWSA"), codified in Chapter 700 of Title 46 of the United States Code (46 U.S.C. §§ 70001 et seq.).

Captain of the Port Order 06-21 ordered Jones to cease all commercial operation of a motor vessel carrying passengers for hire until fully compliant with all applicable federal laws and regulations.

On or about August 10 of 2021, Jones willfully and knowingly violated the terms of Captain of the Port Order 06-21 by operating the 40' motor vessel "PWR TOWER" on Lake St. Clair while carrying commercial passengers for hire. During Jones's operation of "PWR TOWER" on or about that date, it caught fire with paying passengers aboard. Jones's passengers were rescued, and the "PWR TOWER" was towed to shore by the Coast Guard with Jones onboard.

6.    **Advice of Rights**

The defendant has read the First Superseding Indictment, has discussed the charges and possible defenses with his attorneys, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to

have the jury informed that it may not treat that choice as

evidence of guilt;

H.     The right to present evidence or not to present evidence at

trial, whichever the defendant chooses; and

I.      The right to compel the attendance of witnesses at trial.

7.     **Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry

additional consequences under federal or state law. The defendant

understands that, if he is not a United States citizen, his conviction

here may require him to be removed from the United States, denied

citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of

his conviction here may include, but are not limited to, adverse effects

on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold

certain licenses or to be employed in certain fields. The defendant

understands that no one, including the defendant's attorneys or the

Court, can predict to a certainty what the additional consequences of

the defendant's conviction might be. The defendant nevertheless affirms
that the defendant chooses to plead guilty regardless of any
immigration or other consequences from his conviction.

8.   **Defendant's Guideline Range**

A.   **Court's Determination**

The Court will determine the defendant's guideline range at
sentencing. The parties believe that this offense is covered by USSG
§ 2X5.1, "Other Felony Offenses," and that because there is "not a
sufficiently analogous guideline," that "the provisions of 18 U.S.C.
§ 3553 shall control," and that therefore the factors of 18 U.S.C.
§ 3553(a) should guide the Court's sentencing decision.

B.   **Acceptance of Responsibility**

As described in paragraph 8.A, the parties believe that the
guidelines for this offense are the provisions of 18 U.S.C. § 3553. Were
an offense level to be calculable for this offense, however, the
government would recommend under Federal Rule of Criminal
Procedure 11(c)(1)(B) that the defendant receive a two-level reduction
for acceptance of responsibility under USSG § 3E1.1(a). Further, if the
defendant's offense level were 16 or greater and the defendant were

awarded the two-level reduction under USSG § 3E1.1(a), the government would recommend that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learned that the defendant had engaged in any conduct inconsistent with acceptance of responsibility— including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government would be released from its obligations under this paragraph, would be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and would be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C.   Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the

recommendations or factual stipulations herein. Neither party is otherwise restricted in what it may argue or present to the Court.

### D.   Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guidelines determinations made by the Court, even if those guidelines do not incorporate the parties' recommendations or factual stipulations herein, or if the court finds that there is a "sufficiently analogous guideline" pursuant to USSG § 2X5.1. The government likewise has no right to withdraw from this agreement if it disagrees with the guidelines determinations made by the Court.

## 9.   Imposition of Sentence

### A.   Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate any applicable guidelines at sentencing and must consider any computed range (if applicable), any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a) and apply any applicable mandatory minimums.

### B.   Imprisonment

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the Court find that there is no "sufficiently analogous guideline" pursuant to USSG § 2X5.1 and impose a sentence that takes into account the factors listed in 18 U.S.C. § 3553(a).

#### 2.   No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

#### 1.    Recommendation

There is no agreement as to a term of supervised release.

#### 2.    No Right to Withdraw

The defendant understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

There is no recommendation or agreement as to a fine.

### E.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court (should the Court determine a guideline range), the defendant also waives any right he may have to appeal his sentence on any grounds.  If

the Court does not compute a guideline range and simply applies the provisions of 18 U.S.C. § 3553(a) in determining the sentence, the defendant waives any right to appeal any sentence of imprisonment that does not exceed 13 months.

**11.    Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

12.    **Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

13.    **Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**14.    Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**15.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorneys for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16.    Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on September 21, 2023. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

John K. Neal
Chief, White Collar Crime Unit
Assistant United States Attorney

Timothy J. Wyse
Assistant United States Attorney

Corinne M. Lambert
Special Assistant U.S. Attorney

Dated: 9/5/2023

By signing below, the defendant and his attorneys agree that the defendant has read or been read this entire document, has discussed it with his attorneys, and has had a full and complete opportunity to confer with his attorneys. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorneys, and is satisfied with his attorneys' advice and representation.

_____
Casey Swanson
Attorney for Defendant

_____
Benjamin Michael Jones
Defendant

_____
Celeste C. Kinney
Attorney for Defendant

Dated: 10/3/23

Page **15** of **15**